IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 11-cv-02577-PAB-MJW

MARIBEL RODRIQUEZ,

Plaintiff,

v.

EDUCATION SALES AND MARKETING, LLC,

Defendant.

---

## STIPULATED PROTECTIVE ORDER ( *Docket No 19* )

---

1.      Purpose and Limitations.  In this action, the Parties have in their possession,

custody, and control Confidential Information (as defined in paragraph 2 below) that may require

disclosure.  The Parties assert that disclosure of such information could result in significant

injury to one or more of the Parties' business or personal interests.  Accordingly, the Parties have

jointly requested that the Court enter this Protective Order pursuant to Fed. R. Civ. P. 26(c) for

the purpose of preventing the disclosure or use of Confidential Information by any Party or non-

party except as set forth herein.  The terms of this Protective Order shall apply to any

information or materials produced by any Party or non-party in this Action.

2.      Definition of "Confidential Information."  The term "Confidential Information"

means any document, file, electronically or magnetically stored information or data, or

transcribed testimony, including any extract, summary, or copy made therefrom not otherwise

available to the public and designated by one of the Parties or a non-party in the manner

provided in paragraph 3 below as containing or comprising (i) trade secrets; (ii) proprietary

research, development, marketing, sales, securities, investment, corporate, organizational,

investment, shareholder or financial information; (iii) information that a Party is contractually or

legally prohibited from disclosing publicly; or (iv) personal information such as social security

numbers, bank account information, medical information, and the like.

3.      Designation of Confidential Information. Where any kind of Confidential

Information is produced, provided, or otherwise disclosed by a Party or a non-party, such

Confidential Information may be designated with the word "CONFIDENTIAL" as appropriate,

on each and every page of any document produced containing Confidential Information and,

with respect to transcribed testimony, by giving notice to opposing counsel sufficient to

designate all or portions of the testimony as "CONFIDENTIAL" as appropriate either during the

deposition or no later than ten (10) calendar days after receipt of the transcribed testimony. In

lieu of marking the original documents, the party may mark the copies that are produced or

exchanged. *Any Filing with This Court where A party is seeking Restricted Access to Documents shall comply with DC Colo Lciv R 7.2*

4.      Restrictions on Confidential Information. All Confidential Information provided

by a Party or a non-party shall be subject to the following restrictions on use by the receiving

Party and authorized third parties. Material designated as "CONFIDENTIAL" may only be

disclosed or communicated to the following persons:

a.     The Parties' counsel of record in this action, and any regular or temporary employees of such counsel to whom it is necessary that the information or material be shown for purposes of this litigation;

b.     Employees of each of the Parties whose assistance is needed by counsel for the purposes of this litigation;

c.     Expert witnesses retained by a Party to testify in the action, or potential expert witnesses who have been asked to review certain documents, who have executed a form of Acknowledgment regarding the provisions of this Protective Order (provided that such expert witnesses are not employed by or under contract with a Party's competitor);

d.     Stenographic reporters engaged in proceedings incident to preparation for trial or trial; and

e.     The Court and its supporting personnel.

5.     <u>Treatment of Confidential Information and Sanctions</u>. Confidential Information shall be used only for the purpose of preparing for this action. Confidential Information shall not be used by the recipient for any business, commercial, competitive purpose or for any other legal proceeding of any type, unless otherwise agreed by the Parties. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by order from this Court. If a receiving Party discloses or uses Confidential Information in violation of the terms of

this Protective Order, the Court may impose appropriate sanctions against that Party, including

without limitation compensatory damages for any harm caused by the disclosure or use.

6.      Responsibility for Ensuring Compliance. Counsel for a Party who receives

Confidential Information shall take reasonable steps to ensure compliance with the terms of this

Protective Order with respect to persons to whom such Confidential Information is disclosed as a

result of counsel's receipt of such information from the disclosing Party or non-party. Counsel

for the receiving Party shall obtain and retain the original Acknowledgements signed by

qualified recipients of Confidential Information.

7.      Objections to Designation of Confidential Information. If counsel for a receiving

Party objects to the designation of certain information as Confidential Information, he or she

shall promptly inform the disclosing Party's counsel in writing of the specific grounds of

objection to the designation. Counsel shall at the earliest practicable time, in good faith and on

an informal basis, attempt to resolve any such dispute. If after such good faith attempts the

Parties are unable to resolve their dispute, counsel for the receiving Party may move for an order

to alter the designation. The burden in such a motion shall be on the designating Party to

establish that the designation was proper. The material that is the subject of such a motion shall

continue to have Confidential Information status from the time it is produced until the ruling by

the Court on the motion.

8.      Obligations after Final Disposition. The provisions of this Protective Order shall,

absent written permission of the disclosing Party, or further order of the Court, continue to be

binding throughout and after the conclusion of this action, including any appeals or remands.

Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally

disposing of this action, including any appeals therefrom, all persons having received

Confidential Information shall return such materials, and all copies thereof (including summaries

and excerpts) to counsel for the disclosing Party, or shall certify destruction thereof in writing.

The counsel for each Party shall be entitled to retain court filings, deposition transcripts, and

attorney work product that contains, reflects or summarizes Confidential Information, provided

that such counsel, and employees of such counsel, shall not disclose any such Confidential

Information to any person or entity except pursuant to a written agreement with the disclosing

Party. All materials returned to the Parties or their counsel by the Court likewise shall be

disposed of in accordance with this paragraph.

9.    No Limit on Use of Party's Own Information.   This Protective Order has no

effect upon, and shall not apply to, a Party's use or disclosure of its own Confidential

Information for any purpose. Nothing contained herein shall impose any restrictions on the use

or disclosure by a Party of documents, information or materials designated as Confidential

Information which:

      a.    have been or become part of the public domain by publication or

otherwise, other than by any unauthorized act or omission on the part of

the receiving Party (including its agents, experts, or attorneys) or a non-

party under a duty to maintain such documents, information, or other

material as confidential; or

      b.    was both lawfully obtained by and lawfully retained in the possession of

the receiving Party prior to and apart from this litigation (provided that

any agreement governing, or restrictions applying to, the receiving Party's

prior receipt of such material shall remain in full force and effect); or

c.      the receiving Party lawfully receives from a non-party who obtained the

same by legal means and without any obligation of confidentiality to the

party claiming its confidential nature.

10.     Inadvertent Production of Undesignated Confidential Information. As soon as the

receiving Party becomes aware of an inadvertent lack of designation, the information must be

treated as if it had been timely and correctly designated under this Protective Order, and the

receiving Party must endeavor in good faith to obtain all copies of the document which it

distributed or disclosed to persons not authorized to have access to such information, as well as

any copies made by such persons.

11.     Continuing Duty. The termination of this action shall not relieve counsel or other

persons obligated hereunder from their responsibility to maintain the confidentiality of

Confidential Information pursuant to this Protective Order, and the Court shall retain continuing

jurisdiction to enforce the terms of this Protective Order, ~ until Termination of
This Case

ENTERED BY THE COURT this 19TH day of January 2012.

BY THE COURT:

_____

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

6